FILED
BILLINGS DIV.
2011 DEC 8 PM 1 41
PATRICK E. DUFFY, CLERK
BY_____
            DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| JEREMIAH GROVES, | ) | CV-10-101-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| OFFICER JONATHAN CROFT, | ) | U.S. MAGISTRATE JUDGE AND |
| OFFICER JEREMY NEIBAUER, | ) | GRANTING RED LODGE'S |
| and the CITY OF RED LODGE, | ) | MOTION DISMISS VICARIOUS |
| MONTANA, | ) | LIABILITY CLAIMS |
| | ) | |
| Defendants. | ) | |

Plaintiff Jeremiah Groves alleges claims for excessive force, unlawful arrest and imprisonment, and assault and battery against two officers of the Red Lodge, Montana Police Department. Groves also alleges claims for deliberate indifference to constitutional rights, negligent hiring, and vicarious liability against the City of Red Lodge.

All claims arise out of an August, 2007 evening of drinking in Red Lodge. After imbibing a half-dozen shots of tequila, as many Jack-and-Cokes, and a

1

couple "hits" of marijuana, Groves was knocked unconscious by a sucker punch as he entered the Snow Creek Saloon. Officers Neibauer and Croft were called to the bar and transported the uncooperative Groves to the local hospital. Due to an active warrant, Groves was arrested once he was "cleared" by medical personnel. As he was being placed in the patrol car for transport to the jail, Groves fled. Officer Croft subsequently brought Groves to the ground with a dart from his taser, rendering Groves unconscious for a second time that evening. Groves was then released from custody and taken to a hospital in Billings, Montana. He later pleaded guilty to escape, disorderly conduct, resisting arrest, and possession of drug paraphernalia.

On November 10, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation as to Red Lodge's motion for partial summary judgment (*doc. 31*) and Croft's and Neibauer's motion for summary judgment (*doc. 36*). Judge Ostby recommends both motions be granted.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). But the time for objection has passed with no objection. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact, *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999), but this Court must still review de

novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

Judge Ostby recommends Red Lodge's motion for partial summary judgment be granted because not only did Groves ignore this Court's Local Rules of Procedure by failing to file a Statement of Genuine Issues citing specific evidence highlighting genuine issues of material fact, his briefing did not draw the Court to any evidence demonstrating there are issues that must be resolved by a trial. Groves also had no response to several of Red Lodge's arguments. Despite these failures, Magistrate Judge Ostby took the extra step of considering Groves's arguments as if he had supplied evidence in support. Even if Groves could support his arguments with admissible evidence, Judge Ostby concluded that Red Lodge would be entitled to judgment as a matter of law on Groves's 42 U.S.C. § 1983 claim for maintaining policies exhibiting deliberate indifference to the constitutional rights of persons in Red Lodge and his state-law claim for negligent hiring and supervision.

First, since Red Lodge had met its initial burden of producing evidence negating essential elements of Grove's claims, Grove had the duty to tender admissible evidence of specific facts to establish a genuine issue for trial. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus.Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Accordingly, since Groves failed to cite specific evidence, Judge

3

Ostby correctly recommended that summary judgment be entered in favor of Red Lodge on the § 1983 and negligent hiring claims. She need not have considered Groves's argument in opposition to the motion as though they were supported by admissible evidence. For the record, however, the police chief's offer to pay medical costs for Groves's injuries does not amount to an express approval, endorsement, or ratification of the officers' conduct. The same is true of the police chief's reprimand of Officer Neibauer for threatening a DUI suspect.

With respect to the Officers' motion for summary judgment, considering the undisputed facts, Judge Ostby correctly concluded that they cannot be held liable for false arrest and imprisonment and assault and battery for taking him from the Snow Creek to the hospital against his will. Considering that (1) Groves admitted he was "wasted" and "pretty well lit," (2) Groves was knocked unconscious by an assailant in a public bar, and (3) Groves awoke from two or three minutes of unconsciousness with one pupil that was larger than the other, a reasonable officer would conclude that Groves was in need of medical attention. Accordingly, Mont. Code Ann. §§ 53-24-107(4) & 303(2) render them immune.

Judge Ostby is also correct that Groves's § 1983 claim for excessive force must fail because the Officers modest use of force was objectively reasonable under the circumstances. *Scott v. Henrich,* 39 F.3d 912, 915 (9th Cir. 1994). The most egregious allegations are that Neibauer walked Groves to the patrol car with

one hand behind his back, pushed Groves against the car to control him, and handcuffed him for the drive to the hospital. Considering Groves's level of intoxication and the concern that he may have a serious head injury, these actions were objectively reasonable. As noted by Judge Ostby, the Ninth Circuit has upheld far more aggressive police conduct against Fourth Amendment challenges. *See doc. 55, pp. 62-63.*

Turning to the claims arising out of the time from Groves's arrest at the hospital until he was subdued by the dart from Croft's taser, as Groves concedes, the valid arrest warrant precludes any claim for false arrest and imprisonment.

As to whether the use of the taser in dart mode to stop Groves from escaping constitutes excessive force under the Fourth Amendment or assault and battery under Montana law, Judge Ostby correctly applied the Ninth Circuit's recent decision in *Mattos v. Agarano*, 661 F.3d 433 (9th Cir. 2011). Considering that Groves admittedly was "so drunk [he] didn't know what was going on" and had been belligerent and combative for over an hour, it was reasonable for Officer Croft to use believe that Groves posed a threat to anyone he encountered. Accordingly, Judge Ostby correctly concluded that the use of the taser in dart mode—an intermediate level of force—was a reasonable means of stopping Groves from escaping.

5

With respect to the state law claim for assault and battery arising out of the use of the taser, Montana law expressly authorizes police officers to use the same level of force to prevent arrested persons from escaping as they are allowed to use in arresting the person. Mont. Code Ann. § 45-3-106. Having correctly concluded that the use of force was not constitutionally excessive, Judge Ostby is also correct that judgment as a matter of law be granted to the Officers on the assault and battery claim.

After reviewing the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well-grounded in law and fact. The Findings and Recommendations are adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that

(1) Red Lodge's motion for partial summary judgment (*doc. 31*) is **GRANTED**; and

(2) Croft's and Neibauer's motion for summary judgment (*doc. 36*) is also **GRANTED**.

Finally, after Judge Ostby entered her Findings and Recommendations on these two motions for summary judgment, Red Lodge moved for dismissal of the remaining vicarious liability claim against it. *Doc. 56.* The time for responding to Red Lodge's motion has passed with no response from Groves. Under the Local Rules of Procedure, failure to file a timely response brief may be deemed an

admission that the motion is well-taken. L.R. 7.1(d)(1)(B). In any event, there is good cause for dismissal of the remaining vicarious liability claim now that judgment as a matter of law has been entered against Groves on all his claims against Officers Croft and Neibauer.

**IT IS FURTHER ORDERED** that Red Lodge's Motion to Dismiss Vicarious Liability Claim (*doc. 56*) is **GRANTED.**

The Clerk of Court is directed to enter Judgment in favor of Defendants and against Groves and close this case.

DATED the _____ day of December, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE